O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO JEFFERSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | **Case Nos.** EDCV 13-01432-VAP<br>　　　　　　　EDCR 03-00084-VAP<br><br>**ORDER SUMMARILY DISMISSING PETITION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE, FOR LACK OF SUBJECT MATTER JURISDICTION** |

On August 13, 2013, Alonso Jefferson ("Petitioner") filed a "Motion To Vacated [sic], Set Aside Or Correct Sentence For A Second or Successive Motion" ("Motion" or "Mot." (Doc. No. 1 [Civ.], 1787 [Crim.])).[1]  On October 7, 2013, Respondent filed its Opposition to the Motion (Doc. No. 7 [Civ.]).

---

[1] Many of the documents filed in connection with this Motion appear on both the docket for the underlying criminal case, EDCR 03-00084 and the civil case, EDCV 13-1432. Citations to [Civ.] indicate documents on the docket for the Motion. Citations to [Crim.] indicate documents on the docket for the underlying criminal case.

The Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. The Act amended 28 U.S.C. § 2255(h) to read as follows:

> A second or successive motion must be certified as provided in section 2244[2] by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[2] As amended, 28 U.S.C. § 2244(b)(3)(A) provides in pertinent part as follows: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

1    The Petition now pending constitutes a second and/or
2 successive petition challenging the same conviction as
3 Petitioner's prior habeas petition in Case No. EDCV 11-
4 00776-VAP, within the meaning of 28 U.S.C. § 2254(h).
5 Thus, it was incumbent on Petitioner under §2255(h) to
6 secure an order from the Ninth Circuit authorizing the
7 District Court to consider the Petition, prior to his
8 filing of it in this Court.  Petitioner's failure to do
9 so deprives the Court of subject matter jurisdiction.
10 See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.
11 2001), cert. denied, 538 U.S. 984 (2003).

13    For the foregoing reasons, IT IS ORDERED that this
14 action is dismissed.

16    LET JUDGMENT BE ENTERED ACCORDINGLY.

19 Dated:   November 7, 2013     _____
                                    VIRGINIA A. PHILLIPS
                                 United States District Judge

3